W. ADAM DUERK
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine Street
Missoula, Montana 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
E-mail: Adam.Duerk@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED
OCT 29 2018
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR-18-25-BU-DLC |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| ANN BENNETT HERMANSON, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by W. Adam Duerk, Assistant United States Attorney for the District of Montana, and the defendant, Ann Bennett Hermanson, and the defendant's attorney, Ashley Whipple, have agreed upon the following:

AUSA  DEF  ATTY  Date 10/23/18

Page 1

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to the information, which charges Wire Fraud in violation of 18 U.S.C. § 1343. This offense carries a maximum term of imprisonment of 20 years, a $250,000 fine, three years of supervised release, and a $100 special assessment.

**Restitution:** The defendant understands that restitution to the victims of the crime charged in the information is mandatory and agrees to be responsible for complete restitution, notwithstanding the agreement of the United States not to pursue additional charges related to the defendant's scheme. 18 U.S.C. §§ 3663A(a)(1), (c)(2). Specifically, the defendant agrees to pay $501,975.50 in restitution to the persons and companies who suffered losses as a result of the defendant's conduct set forth in the information.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) does not pursue other charges against the defendant; and b) makes the recommendations provided below. The defendant understands

that if the agreement is accepted by the Court, and no additional charges are filed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in the information. In pleading guilty, the defendant acknowledges that:

First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

5. **Waiver of Rights by Plea:**

(a) The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12

or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing

all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

| AUSA | DEF | ATTY | Date 10/23/18 | Page 5 |

(k) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The parties jointly recommend that the probation office utilize a loss amount of $501,875.50 when calculating the advisory Guideline range in this case.

In exchange for the defendant's guilty plea, the United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States

will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Appeal Waivers:**

   *a.* *Waiver of Appeal of the Sentence – Conditional:* The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. The prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this agreement the defendant waives the right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the guideline range calculated by the Court, regardless of whether the defendant agrees with that range. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. The United States waives its right to appeal any aspect of

the sentence if the sentence imposed is within or above the guideline range calculated by the Court.

      b.    *Waiver of Appeal of the Sentence – 5K motion:* The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant waives all right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

    The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without

AUSA [initials]  DEF [initials]  ATTY [initials]  Date 10/25/18

express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

      c.    *Waiver and Dismissal of Appeal of the Sentence – Rule 35 motion:* The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, to reward the defendant for any substantial assistance the defendant provides after sentencing. If such a motion is made, and granted by the Court, the defendant agrees to waive any appeal or collateral attack of the sentence and judgment imposed, and dismiss any pending appeal of the judgment and sentence previously taken. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been

AUSA    DEF    ATTY    Date 10/23/18        Page 9

made specifically aware that Department of Justice policy does not authorize any individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

9. **Potential Departure for Substantial Assistance:** The defendant maintains that she can provide substantial assistance to the United States that would make her eligible to receive consideration from the prosecution in the form of a substantial assistance departure motion under USSG § 5K1.1 and/or Rule 35, Federal Rules of Criminal Procedure.

*Obligations of the Defendant*: Substantial assistance means, for the purposes of this agreement, that the defendant agrees to:

- provide complete, truthful, forthright, material, important, valuable and meaningful information to the best of her knowledge and belief bearing on any subject inquired of her by the Court, the United States Attorney's Office, the Grand Jury, or any Federal, State, or local investigative agency, and

- provide complete, truthful, and forthright testimony if called upon in any proceeding before a Court or Grand Jury.

The defendant understands that providing materially false information or withholding material information may result in further criminal action for fraud, false statements, obstruction of justice or perjury.

*Obligations of the United States*: If the defendant chooses to provide assistance, the prosecution agrees that the information provided will not be used

against the defendant in any criminal proceeding, including at her own sentencing. The United States will consider and evaluate any written proffer or nature of the information and the recommendations of law enforcement. If the prosecution concludes that the assistance provided is substantial, truthful and complete, as required, a departure motion determined by the government to be appropriate under the circumstances will be made. **By this agreement the defendant is not offered or promised that a departure motion, or any specific type of motion, will be filed by the government.**

*Acknowledgments*: The defendant acknowledges that if she commits any local, state, or federal crime (other than at the direction of law enforcement in furtherance of an investigation) that diminishes the defendant's credibility or effectiveness as a witness, the United States may, in the prosecutor's discretion, refuse to file any departure motion even though the defendant may have also provided assistance that is otherwise considered substantial. The defendant acknowledges that no promise has been made and accepts this agreement aware that no such motion will be filed if the government determines that the information is either untruthful, willfully incomplete, of little value, or insubstantial.

*Recommendations*: If the government makes a motion for reduction of sentence, the defendant understands that the government will also make a recommendation to the Court about the extent of the departure. Although the

AUSA   DEF   ATTY   Date

Page 11

Court is required to impose any applicable statutorily required penalties, the parties understand that the Court is not bound by the recommendations of either party.

10. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

11. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

12. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant

further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

13. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

///

///

///

AUSA  DEF  ATTY  Date

KURT G. ALME
United States Attorney

*[signature: Timothy J. Racicot F/L]*

W. ADAM DUERK
Assistant U. S. Attorney
Date: 10/29/18

*[signature: Ann Bennett Hermanson]*

ANN BENNETT HERMANSON
Defendant
Date: _____

*[signature: Ashley Whipple]*

ASHLEY WHIPPLE
Defense Counsel
Date: 10/23/18